IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-20012-01-CM |
| DAVION L. JEFFERSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

In August 2016, a jury convicted defendant Davion Jefferson of a number of charges. Two of those convictions are for Hobbs Act robbery under 18 U.S.C. § 1951 (Counts 5 and 7). The jury also convicted defendant of brandishing a firearm during and in relation to the two robberies charged in Counts 5 and 7 (Counts 6 and 8). Both Counts 6 and 8 charged that robbery is a "crime of violence," which is based on language in 18 U.S.C. § 924(c)(1)(A)(ii).

Defendant filed a Motion for Judgment of Acquittal (Doc. 71) on Counts 6 and 8. In this motion, defendant argues that Hobbs Act robbery is not a "crime of violence," and it therefore cannot serve as a predicate "crime of violence" for convictions under § 924(c)(1)(A)(ii). Defendant argues that Hobbs Act robbery is not a "crime of violence" because (1) it does not require the use, attempted use, or threatened use of physical force against the person or property of another, as § 924(c)(3)(A) mandates; and (2) § 924(c)(3)(B) does not offer relief because it is unconstitutionally vague. For the following reasons, the court denies defendant's motion.

The court turns to defendant's second argument first. Citing *Johnson v. United States*, 135 S. Ct. 1551 (2015), defendant claims that § 924(c)(3)(B)'s residual clause cannot serve as a predicate "crime of violence" because it is unconstitutionally vague. But in this case, the convictions were not

based on § 924(c)(3)(B). Instead, they were based on § 924(c)(3)(A). Defendant's argument does not apply in this situation.

Next: whether Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A). The court concludes that it does. This decision is in line with that of a number of courts, and the court will not repeat that analysis here, but adopts it by reference. *See, e.g.*, *United States v. Moreno*, No. 16-5116, 2016 WL 6648670, at *2 (10th Cir. Nov. 10, 2016) ("The district court correctly held that robbery, as defined in § 1951, qualifies as a 'crime of violence' under § 924(c)(3)(A) because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. Pasley*, Nos. 08-289-R, 16-553-R, 2016 WL 7156787, at *3 (W.D. Okla. Dec. 7, 2016) (citing *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016) ("[W]e agree . . . that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) ("Hobbs Act robbery indisputably qualifies as a crime of violence under" § 924(c)(3)(A)); *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)")); *see also United States v. Nguyen*, Nos. 94-10129-01-JTM, 16-1231-JTM, 2016 WL 4479131, at *3 (Aug. 25, 2016) (citations omitted).

Because Hobbs Act robbery constitutes a § 924(c)(3)(A) crime of violence, defendant's convictions for Counts 6 and 8 must stand. The court denies defendant's motion.

-3-

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal (Doc. 71) is denied.

Dated this 27th day of February, 2017, at Kansas City, Kansas.

>            s/ Carlos Murguia
>            **CARLOS MURGUIA**
>            **United States District Judge**